UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

GUANGHUA LONG,

                Plaintiff,          **MEMORANDUM & ORDER**
                                       22-CV-6652(EK)

        -against-

MERRICK B. GARLAND, et al.,

                Defendants.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

       Plaintiff Guanghua Long commenced this action in
November, 2022, seeking to compel the U.S. Citizenship and
Immigration Services ("USCIS") agency to adjudicate his I-589
application for asylum and for withholding of removal.  On
October 26, 2022, however, USCIS initiated adjudication of
Plaintiff's application by extending him an interview notice.
As a result, I issued an Order to Show Cause as to why this case
should not be dismissed as moot, noting that courts in this
district have found that the issuance of an interview notice
renders a suit to compel adjudication of an immigration
application moot. *See, e.g., Bian v. USCIS Office of the General
Counsel*, No. 22-CV-04332, 2022 WL 4587742, at *1 (E.D.N.Y. Sept.
29, 2022); *Yusupov v. Mayorkas*, 21-cv-4066, at *1-2 (E.D.N.Y.
Dec. 23, 2021).  Plaintiff failed to respond to the order by the
deadline of August 30, 2023, and a mailed copy of the order was

1

returned as undeliverable to the address provided in the Complaint.[1]  ECF 10.  Because USCIS has acted in response to Plaintiff's I-589 application, this action is dismissed as moot.

## I.   Background

Plaintiff is a Chinese national who entered the United States in 2015 with a B2 visitor visa.  Complaint ("Compl.") 1, ECF No. 1.  In February 2016, Plaintiff filed an I-589 application for asylum.  *Id.*

Plaintiff filed suit in November 2022.  He asserts that, as of the date of his complaint, "his [application] ha[d] been stagnant in backlog for over six (6) years."  *Id.* at 2.  His Complaint seeks to compel the USCIS to "properly fulfil their public and statutory duties to overcome the unreasonable delays in a timely manner."  *Id.*  On February 7, 2023, I issued an Order to Show Cause to Defendants as to why a writ of mandamus should not issue.  A copy of that order was mailed to Plaintiff at the address provided in their Complaint; it was returned as undeliverable on February 7, 2023.  ECF 7.

On April 10, 2023, Defendants filed a letter noting that an interview with respect to the I-589 had been scheduled for February 6, 2023 by the USCIS and that Plaintiff had failed to appear.  ECF 8 at 1-2.  USCIS first issued an interview

---

[1] "[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address." *English v. Azcazubi*, No. 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015).

notice on October 26, 2022, and then issued a notice cancelling the interview on November 1, 2022.  *Id.*  On January 26, 2023, USCIS issued a notice rescheduling the interview for February 6, 2023; Plaintiff did not appear at that interview.  *Id.*  USCIS issued a warning for failure to appear on February 6, 2023, advising Plaintiff that he could reschedule his interview within 45 days thereafter.  *Id.*  The deadline for Plaintiff to request a rescheduled interview was March 23, 2023; Plaintiff did not request a rescheduled interview.  *Id.*

On July 28, 2023, I issued an Order to Show Cause by Plaintiff as to why his Complaint should not be dismissed as moot on or before August 30, 2023.  On August 23, 2023, that mailed order was returned as undeliverable to the address provided by Plaintiff in their Complaint.  ECF 10.  Because USCIS has acted in response to Plaintiff's I-589 application, this action is dismissed as moot.

## II.    Discussion

The Court's ability to entertain this action hinges on whether the agency's issuance of an interview notice renders it moot.  The doctrine of mootness is "based upon the case or controversy requirement of Article III of the Constitution." *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135, 140 n. 2 (2d Cir. 1994).  Once a case is moot, "federal courts lack subject matter jurisdiction" over it.  *Id.* at 140 (cleaned up).

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). In the immigration context, an "agency's refusal to act" on an application for adjustment of status is a "prerequisite for the existence of a case or controversy." *Meixian Ye v. Kelly*, 17-CV-3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017).

Here, the agency has acted on Plaintiff's application by issuing him an interview notice. *See Markandu v. Thompson*, No. 07-CV-4538, 2008 WL 11510675, at *3 (D.N.J. June 11, 2008) (citing cases from across the country for the proposition that an application to compel agency action in the immigration context becomes moot "once the agency begins to spin its bureaucratic cogs toward decision"). USCIS "sought to proceed with the adjudication", ECF. 8, at *3, as demanded by Plaintiff, and "once the agency extended the interview notice, the ball was in Plaintiff's court." *Meixian Ye*, 2017 WL 2804932, at *1. By issuing the interview notice – and additionally notifying Plaintiff of his deadline to reschedule the interview he missed – the agency has initiated action and Plaintiff's claim is moot.[2]

### III. Conclusion

---

[2] This dismissal is without prejudice to further action in the case of future delay that might satisfy the applicable jurisdictional requirements. *Meixian* Ye, 2017 WL 2804932, at *2 ("If the time comes in the future where there is another delay that plaintiff believes is illegal, plaintiff will be free to commence another proceeding to challenge that delay.").

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.


SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated: October 19, 2023
       Brooklyn, New York